UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

January 19, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 03-2817

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 01 CR 883 |
| ALBERTO RAMON DIAZ-GUTIERREZ, *Defendant-Appellant.* | Robert W. Gettleman, *Judge.* |

**O R D E R**

Alberto Ramon Diaz-Gutierrez pleaded guilty to reentering the United States without permission after he was deported following conviction for an aggravated felony.  *See* 8 U.S.C. § 1326(a).  In sentencing him, Judge Robert W. Gettleman treated the guidelines as mandatory in accordance with the law as it existed before *United States v. Booker*, 543 U.S. 220 (2005).  Following *Booker*, we ordered a limited remand, pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), so the judge could inform us whether he would have sentenced Diaz-Gutierrez differently had he known the sentencing guidelines were merely advisory.

In response to our order, Judge Gettleman stated in part:

The Court is unable at this time to say that it would have

> imposed the same sentence if it had known the
> Sentencing Guidelines were merely advisory.  The Court
> therefore desires to re-sentence the defendant.

We invited the parties to file position statements concerning the appropriate disposition of the case.  Only Diaz-Gutierrez has responded, and he concurs with the district court that resentencing is appropriate.  Accordingly, IT IS ORDERED that Diaz-Gutierrez's sentence is VACATED, and the case is REMANDED to the district court for resentencing.